**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

KIMBERLY D.,[1]                                      :   Case No. 3:24-cv-00319
                                                     :
      Plaintiff,                                :   Magistrate Judge Caroline H. Gentry
                                                     :   (by full consent of the parties)
vs.                                                  :
                                                     :
COMMISSIONER OF THE SOCIAL                           :
SECURITY ADMINISTRATION,                             :
                                                     :
      Defendant.                                :

## DECISION AND ORDER

Plaintiff's application for Disability Insurance Benefits is before this Court for the second time. Plaintiff appeals Defendant's finding that she was not under a "disability" as defined in the Social Security Act. Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. For the reasons set forth below, this Court AFFIRMS the Commissioner's decision.

## I.    BACKGROUND

Plaintiff asserts that she has been under a disability since March 25, 2016.[2] At that time, she was twenty-nine years old and was considered a "younger person" during the

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

[2] Plaintiff initially asserted that her disability began on March 2, 2012. (AR, Doc. No. 6-5 at PageID 573.) She later amended her alleged disability onset date to March 25, 2016. (AR, Doc. No. 6-10 at PageID 1873.)

period at issue.[3] 20 C.F.R. § 404.1563(c). Plaintiff has a "high school education and above." 20 C.F.R. § 404.1564(b)(4).

The evidence in the Administrative Record ("AR," Doc. No. 6) is summarized in the decision of Administrative Law Judge (ALJ) Deborah F. Sanders (First ALJ Decision, Doc. No. 6-2 at PageID 29-48), the decision of ALJ Heidi Southern ("Second ALJ Decision," Doc. No. 6-10 at PageID 1832-56), Plaintiff's Statement of Errors ("SE," Doc. No. 9), and the Commissioner's Memorandum in Opposition ("Mem. In Opp.," Doc. No. 11). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## II.    STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "[W]hether the ALJ applied the correct legal standards and whether the findings of the

---

[3] The period at issue begins March 25, 2016, the alleged onset date of disability, and ends September 30, 2017, the date Plaintiff last met the insured status requirements of the Social Security Act.  (AR, Doc. No. 6-13 at PageID 2029.)

ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id.*

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

3

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## III.   FACTS

### A.   Summary Of The Administrative Record

Plaintiff applied for Disability Insurance Benefits on March 3, 2017. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, ALJ Deborah F. Sanders concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. (First ALJ Decision, Doc. No. 6-2 at PageID 29-48.) ALJ Sanders found that Plaintiff had the severe impairments of chronic right knee pain, obesity, history of traumatic brain injury with residual effects, and post-traumatic stress disorder. (*Id.* at PageID 35.) ALJ Sanders concluded that Plaintiff had the residual functional capacity (RFC) for a reduced range of light exertion, subject to the following mental limitations:

> [L]imited to simple, routine, and repetitive tasks, but not at a production
> rate pace; no strict production quotas; occasional interaction with
> coworkers; no shared or tandem tasks; occasional interaction with

4

supervisors; no interaction with the general public; can adapt only to a relatively static work environment where there is very little change in the work routine or job duties from day to day; and the individual may be off-task 5% of the workday, and absent for six to eight days per year.

(*Id.* at PageID 38.)

The Appeals Council denied Plaintiff's request for review of that decision (AR, Doc. No. 6-2 at PageID 20-23) and Plaintiff filed an action with this Court.[4] After full briefing, the Court remanded the case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g). ("Remand Order," AR, Doc. No. 6-11 at PageID 1928-33.) Plaintiff challenged the ALJ's conclusions about: "(1) the extent to which Plaintiff would be off-task during the workday and (2) how many days of work she would miss because of her mental impairments." (*Id.* at PageID 1931.) Magistrate Judge (now District Judge) Newman concluded that the ALJ's RFC limitations regarding off-task behavior and absenteeism were unsupported by substantial evidence, explaining as follows:

> Certainly, no medical source of record opines regarding the extent to which Plaintiff would be off-task during the workday or how often she would be absent from work and, thus, such a conclusion "is purely a creation of the ALJ[.]" *Eminian v. Comm'r of Soc. Sec.*, No. 1:11 CV 696, 2012 WL 4504511, at *3 (N.D. Ohio Sept. 29, 2012). In other words, "the ALJ inappropriately interpreted the severity of raw medical data, a task the ALJ is not entitled to perform." *Tipton v. Comm'r of Soc. Sec.*, No. 3:16-CV-00493, 2018 WL 524876, at *2 (S.D. Ohio Jan. 24, 2018); see also *Eminian*, 2012 WL 4504511, at *3.

> The undersigned thus concludes that the ALJ's non-disability finding is unsupported by substantial evidence, and should be reversed.

(*Id.* at PageID 1932-33.)

---

[4] Assigned to Magistrate Judge Michael J. Newman, Case Number 3:19-cv-00121.

The Appeals Council remanded the case pursuant to the Remand Order. (AR, Doc. No. 6-11 at PageID 1395-37.) ALJ Heidi Southern held a hearing and issued a second unfavorable decision in this case, again concluding that Plaintiff was not under a "disability" as defined in the Social Security Act. (Second ALJ Decision, Doc. No. 6-10 at PageID 1832-56) The Appeals Council declined to assume jurisdiction (AR, Doc. No. 6-10 at PageID 1826-30), and Plaintiff subsequently filed this action.

**B.     ALJ Southern's Factual Findings**

ALJ Southern was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, ALJ Southern considered the five sequential steps set forth in the Social Security regulations. 20 C.F.R. § 404.1520. She made the following findings of fact:

Step 1:     Plaintiff did not engage in substantial gainful activity during the period at issue from the alleged onset date of March 25, 2016 through the date last insured of September 30, 2017.

Step 2:     She had the severe impairments of degenerative joint disease of the right knee, peripheral vestibular disorder due to traumatic brain injury (TBI), cognitive dysfunction due to TBI, migraine headaches, obstructive sleep apnea, post-traumatic stress disorder, depressive disorder, and anxiety disorder.

Step 3:     She did not have an impairment or combination of impairments that met or equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:     Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of light work as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations: "(1) occasionally climb ramps and stairs, stoop, kneel, and crouch; (2) never climb ladders, ropes, or scaffolds, or crawl; (3) frequently balance; (4) occasionally operate foot controls with the right lower

extremity; (5) no exposure to unprotected heights or moving mechanical parts; (6) no requirement to perform commercial driving as part of the job duties; (7) limited to unskilled, simple, routine, repetitive tasks; (8) unable to perform at a production-rate pace (e.g. assembly-line work) but able to perform goal-oriented work (e.g. office cleaner); (9) occasional interaction with coworkers and supervisors, but no teamwork or tandem tasks and no over-the-shoulder supervision; (10) no interaction with the general public as part of the job duties; and (11) occasional changes in an otherwise routine work setting."

She was unable to perform any of her past relevant work.

Step 5: Through the date last insured, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she could have performed.

(Decision, Doc. No. 6-10 at PageID 1838-49.) These findings led the ALJ to conclude that Plaintiff did not meet the definition of disability. (*Id.* at PageID 1849-50.)

## IV. LAW AND ANALYSIS

Plaintiff asserts just one error: The ALJ "incorrectly created and relied on a residual functional capacity (RFC) that produced relevant work while evaluating [Plaintiff] under prong five of the sequential process." (SE, Doc. No. 9 at PageID 2523.) Specifically, Plaintiff argues that the ALJ erred in formulating the RFC because she did not include any restrictions "based on off task allowances in the workplace, or absences, due to [Plaintiff's] severe impairments." (*Id.* at PageID 2523-25.) For the reasons discussed below, this assertion is not well-taken and the ALJ's decision shall be affirmed.

### A. Applicable Legal Framework

It is well-established that administrative agencies must follow federal court orders. *Mabry-Schlicher v. Comm'r of Soc. Sec.*, No. 24-3811, 2025 WL 1604376, at *4 (6th Cir.

7

June 6, 2025) (citing *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 950 (6th Cir. 1999)); *see also Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.") Moreover, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (*Id.* at *4 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

Therefore, "on the remand of a case after appeal, it is the duty of the … agency from which appeal is taken[] to comply with the mandate of the court and to obey the directions therein without variation and without departing from such directions." *Mefford v. Gardner*, 383 F.2d 748, 758 (6th Cir. 1967). Indeed, "[d]eviation from the court's remand order in subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989). The ALJ "may not do anything expressly or impliedly in contradiction to the district court's remand order." *Hollins v. Massanari*, 49 F. App'x 533, 536 (6th Cir. 2002).

### B.      The ALJ Did Not Err By Failing To Include Limitations In The RFC For Off-Task Behavior or Absenteeism.

Plaintiff argues that ALJ Southern's RFC is unsupported by substantial evidence because she did not include any limitations for off-task behavior or absenteeism. (*See generally* SE, Doc. No. 9 at PageID 2523-25.) This argument fails because any such limitations are barred by the Remand Order, which held that ALJ Sanders reversibly erred by including precisely these RFC limitations. (Remand Order, Doc. No. 6-11 at PageID 1932.) Judge Newman explained that ALJ Sanders erred because "no medical

source of record opines regarding the extent to which Plaintiff would be off-task during the workday or how often she would be absent from work." (*Id.*) He reasoned that the limitations were therefore "purely a creation of" ALJ Sanders, who "inappropriately interpreted the severity of raw medical data." (*Id.*) ALJ Southern was bound by these holdings when she issued her decision.

The law of the case, as established by the Remand Order, is that if the record does not contain a medical opinion regarding the extent to which Plaintiff would be off task during the workday or absent from work, any RFC limitation that addresses these issues is unsupported by substantial evidence. Here, the record did not meaningfully change between the first and second ALJ hearings. Plaintiff did not introduce any new medical opinion evidence during the second hearing, much less a medical opinion regarding the extent to which Plaintiff would be off task during the workday or absent from work. ALJ Southern therefore could not craft an RFC with off-task or absenteeism limitations.

For these reasons, the Court concludes that Plaintiff's assertions are not well-taken and therefore affirms ALJ Southern's decision.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. No. 9) is OVERRULED;

2. The Court AFFIRMS the Commissioner's non-disability determination; and

3. The case is terminated on the Court's docket.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

9